IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CR252 |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL A. SMITH, | ) | FINDINGS, RECOMMENDATION |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion to Dismiss Indictment with Prejudice (filing 40). For the reasons set forth below, the undersigned will recommend that the motion be denied.

## BACKGROUND

On August 22, 2012, a federal grand jury returned a single-court indictment alleging that "[o]n or about July 11, 2012, in the District of Nebraska, the defendant, Michael A. Smith, did knowingly and willfully aim the beam of a laser pointer at an aircraft in the special aircraft jurisdiction of the United States," in violation of 18 U.S.C. § 39A. (Filing 1.)

On October 16, 2012, the Federal Aviation Administration ("FAA") sent Defendant a Notice of Proposed Civil Penalty. (Filing 46-1.) The Notice stated that Defendant had violated 14 C.F.R. § 91.11 of the Federal Aviation Regulations, subjecting him to civil penalties under 49 U.S.C. § 46301(a)(5)(A). (*Id.*) Specifically, the Notice alleged that on or about July 11, 2012, Defendant aimed a beam of light from a laser pointer at an Omaha Police Air Support Helicopter. (*Id.*)

On January 22, 2013, the FAA conducted an informal conference regarding Defendant's case. Following the hearing, the FAA notified Defendant's counsel by letter that it had determined that a $9,000 penalty was warranted. (*Id.*) In the letter, the FAA stated that a Final Notice of Proposed Civil Penalty would be issued around February 22,

2013, and that the Final Notice would set forth Defendant's appeal rights. (*Id*.)

The United States has informed the Court that as of March 14, 2013, a Final Notice has not been issued by the FAA and that Defendant has not paid any funds in satisfaction of the FAA's penalty. (Filing 45.)

## ANALYSIS

Defendant argues that prosecuting him in this Court violates his rights under the Double Jeopardy Clause of the United States Constitution because the United States, through the FAA, has already imposed a penalty for the conduct alleged in the Indictment. Defendant contends that the penalty, though claimed to be civil in nature, is so punitive in form and effect as to render it a criminal punishment.

The undersigned will not reach Defendant's argument because I conclude that this controversy is not ripe for adjudication. "[B]efore a federal court may address itself to a question, there must exist a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." *Nebraska Public Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1037-38 (8th Cir. 2000). Although the FAA notified Defendant of its determination that a penalty is appropriate, the penalty has not been finally assessed. As of March 14, 2013, the Final Notice, which will also supposedly contain directions for the institution of an appeal, has not been issued. Accordingly, the Indictment, which was filed before the commencement of the FAA's proceeding, should not be dismissed.

Accordingly,

**IT IS HEREBY RECOMMENDED** to the Honorable John Gerrard, United States District Judge, that Defendant's Motion to Dismiss Indictment (filing 40) be denied.

The parties are notified that failing to timely object to this Findings, Recommendation and Order may constitute a waiver of any objection.

**DATED March 18, 2013.**

                **BY THE COURT:**

                **S/ F.A. Gossett**
                **United States Magistrate Judge**