IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:12-CR-252 |
| vs. | |
| MICHAEL A. SMITH, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Michael A. Smith's Motion to Dismiss Indictment With Prejudice and Request for Evidentiary Hearing (filing 40) and the United States Magistrate Judge's Findings, Recommendation and Order (filing 47), recommending that Smith's motion (and request for a hearing) be denied. Smith has timely objected (filing 48) to the findings and recommendation. As the Court explains below, the Magistrate Judge's recommendation will be adopted.

## BACKGROUND

On August 22, 2012, a federal grand jury returned a single-count indictment alleging that on or about July 11, 2012, in the District of Nebraska, Smith knowingly and willfully aimed the beam of a laser pointer at an aircraft in the special aircraft jurisdiction of the United States, in violation of 18 U.S.C. § 39A. Filing 1.

On October 16, 2012, the Federal Aviation Administration ("FAA") sent Smith a Notice of Proposed Civil Penalty. Filing 46-1 at 3–4. The Notice stated that Smith had violated 14 C.F.R. § 91.11 of the Federal Aviation Regulations, which provides that "[n]o person may assault, threaten, intimidate, or interfere with a crewmember in the performance of the crewmember's duties aboard an aircraft being operated."

Specifically, the notice alleged that the beam of Smith's laser pointer struck an Omaha Police Air Support Helicopter and illuminated the cockpit. Filing 46-1 at 3. The notice further alleged that Smith did this approximately five to seven times, which showed his conduct was deliberate. Finally, the notice alleged that this interfered with the performance of a crewmember's duties aboard the aircraft. The FAA concluded that this violation of § 91.11 subjected Smith to civil penalties under 49 U.S.C. § 46301(a)(5)(A), and

warned him the FAA "propose[d]" to assess a "civil penalty" of $9,000. Filing 46-1 at 4.

In January 2013, the FAA conducted an informal conference regarding Smith's case. Filing 46-1 at 1–2. Following the conference, the FAA notified Smith by letter that it had confirmed that Smith had violated § 91.11 and determined that a $9,000 civil penalty was "warranted and appropriate." Filing 46-1 at 2. The letter also stated that a "Final Notice of Proposed Civil Penalty" would be issued around February 22, and that the Final Notice would set forth Smith's appeal rights and "create indebtedness on the part of [Smith] to the United States." Filing 46-1 at 2.

As of the date of the Magistrate Judge's order, the FAA had not issued a Final Notice, and Smith had not made any payments to the FAA. Filing 45 at 2. Following the Magistrate Judge's order, the FAA informed counsel it would not issue the Final Notice until Smith's criminal prosecution is resolved, in order to avoid "impeding" the efforts of the Department of Justice. Filing 48 at 2; filing 45 at 2.

## ANALYSIS

Smith argues that the pending criminal prosecution violates his rights under the Double Jeopardy Clause of the United States Constitution because the FAA has already imposed what amounts to a criminal penalty for the same conduct alleged in the pending indictment. The nature of the FAA's proceedings, and the amount of the fine, Smith claims, render the purportedly civil proceedings punitive in nature for purposes of the Double Jeopardy Clause. *See Hudson v. United States*, 522 U.S. 93, 99 (1997).

The Magistrate Judge found that Smith's argument was not ripe for adjudication, and recommended that Smith's motion to dismiss (and request for hearing) be denied. Filing 47. Under the ripeness doctrine, before a federal court may address itself to a question, there must exist a real, substantial controversy between parties having adverse legal interests, a dispute that is definite and concrete, and not hypothetical or abstract. *Neb. Public Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1037–38 (8th Cir. 2000) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). The Magistrate Judge reasoned that although the FAA has notified Smith that a civil penalty was considered appropriate, the penalty has not actually been imposed. Filing 47 at 2. Smith has objected, urging that the controversy is ripe because jeopardy attached either at the informal conference or upon the FAA's announcement of its intent to issue a final notice.

Although phrased in terms of the ripeness doctrine, the gist of the Magistrate Judge's order was that jeopardy had not yet attached in the prior

civil proceeding, and any challenge was thus premature. As Smith's objection makes clear, this is also his understanding of what is really at issue in this case. This Court adopts the ultimate finding of the Magistrate Judge, and will deny Smith's motion to dismiss, but without deciding whether the proposed penalty is so punitive in purpose or effect to transform it into a criminal penalty, or (if it is a criminal penalty) whether jeopardy has attached in the ongoing FAA proceeding.

The Double Jeopardy Clause bars successive prosecutions or multiple punishments for the same offense. U.S. Const. Amdt. 5, cl. 2; *United States v. Dixon*, 509 U.S. 688, 696 (1993); *United States v. Robertson*, 606 F.3d 943, 950 (8th Cir. 2010). The double jeopardy bar only applies where the two offenses for which the defendant is punished or tried are considered the "same offense" under the *Blockburger* "same-elements" test. *Dixon*, 509 U.S. at 696; *Robertson*, 606 F.3d at 950; *see also Blockburger v. United States*, 284 U.S. 299 (1932). This test inquires whether each offense contains an element not contained in the other; if not, they are the same offense and the double jeopardy bar applies. *Dixon*, 509 U.S. at 696; *Robertson*, 606 F.3d at 950. The *Blockburger* test focuses on the statutory elements of each offense, rather than the underlying conduct. *United States v. Loniello*, 610 F.3d 488, 491 (7th Cir. 2010); *United States v. Rigas*, 605 F.3d 194, 204 (3d Cir. 2010); *see also United States v. Williams*, 690 F.3d 1056, 1066 (8th Cir. 2012).

When the elements of 18 U.S.C. § 39A are compared with the elements of 14 C.F.R. §91.11, it becomes readily apparent that Smith's double jeopardy challenge is without merit. To show a violation of § 39A, the government must prove Smith knowingly aimed the beam of a laser pointer at an aircraft, but need not show that this actually interfered with the performance of a crewmember's duties. To have violated § 91.11, on the other hand, Smith must have actually interfered with the performance of an aircraft crewmember's duties, but need not have used a laser pointer to do so. Under *Blockburger*, these do not constitute the same offense. So, even if the FAA's proposed fine would be punitive in nature, and even if jeopardy had already attached in the FAA proceedings, there would be no bar to the pending criminal prosecution.

Accordingly,

IT IS ORDERED:

1. The recommendation of the United States Magistrate Judge's Findings, Recommendation and Order (filing 47) is adopted.

3

2.  Smith's Motion to Dismiss Indictment With Prejudice and Request for Evidentiary Hearing (filing 40) is denied.

Dated this 4th day of April, 2013.

> BY THE COURT:
>
> *John M. Gerrard*
> John M. Gerrard
> United States District Judge